IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE MARTHA BOOZER,

        Bankruptcy Case Number
        15-83027-CRJ-13

    Debtor,

MARTHA BOOZER,

    Plaintiff,

        Adversary Proceeding No.
v.         17-80045

SUN LOAN COMPANY ALABAMA, INC.,

    Defendant.

**BRIEF REGARDING DAMAGES TO BE AWARDED IN SUN LOAN ADVERSARY PROCEEDINGS**

On August 22, 2017, this court entered an order in the above-referenced adversary proceeding. That order directed the parties to the Sun Loan adversary proceedings[1] to provide briefs to this court regarding their respective positions on the issue of reasonable sanctions/damages, including costs and attorneys' fees, they believe should be awarded to the plaintiffs pursuant to 11 U.S.C. §362(k).[2] The plaintiffs in the Sun Loan adversary proceedings submit this brief in compliance with the court's aforementioned order.[3]

---

[1] The adversary proceedings referred to herein are those referenced in Exhibit "A" to this court's order of August 22, 2017, including the bankruptcy cases in which the debtors have received a Chapter 7 discharge.

[2] Unless the context clearly indicates otherwise, future references to the "Code" or "Bankruptcy Code" should be read as referring to Title 11 of the United States Code as should citations to code sections without reference to the title of the United States Code or other statutory compilation from which they come.

[3] Before proceeding further, it is *extremely* important to note that the scope of the plaintiff's submission on this subject was circumscribed by the defendant's admission at the August 21, 2017, status conference in this case that it was, on the record, conceding liability for violating the automatic stay in this case and in the other nineteen Sun Loan cases that have been filed to date by counsel for the plaintiff. Thus, this brief addresses the issue of damages only in the case of an established willful violation of the automatic stay under §362(k) of the Code and does not attempt to discuss the requirements for a finding of willfulness.

1

## I. Section 362(k)(1) Authorizes Two Types of Damages

The appropriate starting point for an analysis of the damages that should be awarded in this case is the statute authorizing those damages. Section 362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[4] Thus, both compensatory and punitive damages/sanctions are proper subjects of a judgment in an adversary proceeding seeking to redress a willful violation of the automatic stay. A compensable stay violation occurs the instant the creditor chooses to take the action that violates the stay – no showing of continuing harm is required. *Campbell v. Ledyard National Bank (In re Campbell)*, 398 B.R. 799 (Bankr. D. Vt. 2008). Courts have awarded damages for the violation of the automatic stay upon a finding of the mere sending of three post-petition collection letters. *In re Bourke*, 543 B.R. 657 (Bankr. D. Mont. 2015).

## II. Compensatory Damages – Attorneys' Fees

An award of attorneys' fees pursuant to §362(k) is a significant portion of the actual damages that *shall* be awarded upon the violation of the automatic stay; the very wording of the statute makes it clear such an award is mandatory, not precatory. An award of attorneys' fees is part of the award of compensatory damages, and no other injury or damage is required for attorneys' fees to be awarded to the plaintiff. *Grine v. Chambers (In re Grine)*, 439 B.R. 461 (Bankr. N.D. Ohio 2010); *In re Hedetneimi*, 297 B.R. 837 (Bankr. M.D. Fla. 2003). *Credit Nation Lending Services v. Nettles (In re Nettles)*, 489 B.R. 239 (N.D. Ala. 2013).

Defendant Sun Loan has admitted on the record that a willful stay violation has occurred in each of the Sun Loan adversary proceedings. Consequently, the defendant is responsible to the plaintiffs and their counsel for the reasonable and necessary attorneys' fees and costs that have been incurred in the prosecution of these adversary proceedings. This element of damages has, for certain, been increased significantly by Sun Loans' change of position regarding liability in the midst of this case, its failure to adequately respond to the discovery propounded by the plaintiffs, and the plaintiff's unrequited efforts to discuss settlement of the adversary proceedings. The plaintiffs and their counsel are prepared to put on evidence of the many hours they have expended in these cases. Compensation of counsel at a lodestar rate of the greater of $400.00/hour or the rate counsel for Sun Loans bills its client is warranted given the desirability (or lack thereof) of the litigation, the complexity of the issues

---

[4] 11 U.S.C.§362(k)(1).

2

presented, and the amount of work that has been necessary to prepare and present this case is called for by the facts and circumstances presented herein.

### III. Compensatory Damages – Other Components

Compensatory damages are those that flow directly and naturally from the wrong for which defendant Sun Loans is responsible. The other components of the compensatory damages that should be awarded in this case are numerous and diverse and include damages for emotional distress suffered by the plaintiffs, the wages or other income lost by the plaintiffs for attending hearings in the adversary proceedings and meetings with counsel, and the costs of travel and parking for court attendance and the attendance at meetings with their attorneys. Again, the plaintiffs are prepared to present evidence of the precise amount of such damages upon the court's direction.

### IV. Punitive Damages

The Eleventh Circuit has ruled punitive sanctions are appropriate where a creditor violating the automatic stay acts with "reckless or callous disregard for the law or the rights of others." *In re McLean*, 794 F.3d 1313, 1325 (11th Cir. 2015). In the present case, Sun Loan claims it gave a third party mail service provider inaccurate and incorrect information regarding the names and addresses of the individuals to whom it wanted to send correspondence designed to collect the payday loans it made to them.[5] The accuracy of the information used to select the recipients of the letters was the sole and absolute responsibility of the Sun Loan affiliated companies. The failure to have in place sufficient safeguards to prevent the mailings that are the subject of the pending adversary proceedings demonstrates, at best, a callous indifference to the plaintiffs' rights to a breathing spell from their creditors and an escape from all collection efforts and harassment, and their right to be relieved from the financial pressure that drove them into bankruptcy. *See Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983). Punitive damages should be of an amount designed to cause a change in the creditor's behavior and to serve as a deterrent to similar actions on behalf of the particular actor and other creditors. *In re Adams*, 516 B.R. 361 (Bankr. S.D. Miss. 2014).

The defendant has, on numerous occasions before this court, argued that the sending of the letters that is the genesis of the pending litigation was a singular, accidental occurrence. At this juncture, it is important to note that the plaintiffs ***do not concede*** that the sending of the letters was either a ***singular*** occurrence or that it happened ***accidentally***; the plaintiffs have simply not yet been able to develop the true facts in this case through the mechanism of discovery. However, what ***is***

---

[5] Whether the actions of Sun Loans and its affiliated or parent companies was accidental or part of an intentional effort to circumvent the stay for business reasons has not yet been determined as the plaintiffs have not completed their discovery in this case.

3

apparent in this case is that, by the defendant's own admission, letters attempting to collect pre-petition debts from debtors under the protection of the automatic stay issued by this very court were sent at least sixty-three times. It strains credulity to allege actions undertaken *at least sixty-three times* were somehow fairly characterized as "singular". It is an equally specious argument to contend that an intentional act such as the mailing of more than sixty letters was somehow "accidental".

A number of times, Sun Loan Company has either alluded to or outright argued that the mailing of the letters to sixty-three or more debtors under this court's protection was an unfortunate computer error, therefore not meriting an award of punitive damages against Sun Loan. Any reliance on such an argument is misplaced. Courts considering the issue have long and soundly rejected "the computer made me do it" as a defense to a claim of an intentional violation of the automatic stay. For example, in *In re Silk*, 549 B.R. 297 (Bankr. D. Mass. 2016), the debtor, Mr. Silk, properly listed HESSA, a student loan creditor, in the schedules filed when his case was commenced. Despite having actual notice of the commencement of the case, HESSA sent post-petition, computer-generated collection letters to the debtor. The debtor, in turn, filed a motion asking that the court award him "sanctions", attorney's fees, and expenses for what he characterized as HESSA's willful violation of the automatic stay. HESSA contested the debtor's characterization of the stay violation as "willful", alleging instead that "coding issues" had caused the mailing of the letters, which it characterized as "innocent, inadvertent technical violations" of the stay.

In assessing the claims of the parties, the court noted that in the First Circuit, a willful stay violation occurs if the creditor's actions are (1) intentional, and (2) are undertaken while the creditor has knowledge of the stay in the debtor's case. Thus, the court found, the willfulness element is satisfied if the creditor intends the *act* that constitutes a stay violation and a specific intent to *violate the stay* is *not* required. HESSA, however, argued the clerical error that caused the payment demand to be sent to Silk was not an intentional act, thus negating the first element required for a finding of a willful stay violation. The court rejected HESSA's characterization. The court found that where a creditor receives notice of the commencement of a bankruptcy case, it has the burden of taking *whatever actions are necessary* to avoid violating the automatic stay. Creditors are thereafter presumed to have acted deliberately, the court held, and defenses such as "the computer did it" will not overcome such a burden. *Silk* at 301. *See also Duby v. United States (In re Duby)*, 451 B.R. 664, 667 (B.A.P. 1st Cir. 2011) (stay was violated even where an internal error caused the creditor to send billing statements); *In re Nixon*, 419 B.R. 281 (Bankr. E.D. Pa. 2009) (a computer error is no excuse; a stay violation can still be willful even if caused by such an error); *Sundquist v. Bank of America (In re Sundquist)*, 566 B.R. 563 (Bankr. E.D. Cal. 2017) (computer errors are not an excuse for violating

4

the automatic stay); *Wingard v. Altoona Regional Health Systems (In re Wingard)*, 382 B.R. 892 (Bankr. W.D. Pa. 2008) ("the computer did it" is not an excuse that prevents a stay violation from being willful).

Sun Loan's violation of the automatic stay was caused by a mechanism completely within its own control. The stay violation occurred in a manner that evinces a reckless and callous disregard for the protection afforded the debtors by this court. This stay violation should be the subject of punitive damages of not less than $50,000.00 per case.

## V. Conclusion

For the reasons stated and pursuant to the authorities cited in this brief, this court should be prepared to enter an award of damages against Sun Loan and in favor of the plaintiffs in the Sun Loan adversary proceedings. The award should include components of both compensatory damages (including the significant attorneys' fees and costs incurred by counsel for the plaintiffs) and punitive damages deigned to punish Sun Loan for and deter Sun Loan from taking such actions in the future.

Respectfully submitted this 21st day of September, 2017.

/s/ John C. Larsen
John C. Larsen
Attorney for the plaintiff

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
256-859-3008
john@jlarsenlaw.com